Filed 8/11/16  P. v. Baldwin CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B268424 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA093493) |
| v. | |
| RONALD BALDWIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

In 2012, defendant and appellant Ronald Baldwin pleaded no contest to inflicting corporal injury on a spouse, cohabitant, or child's parent (Pen. Code, § 273.5, subd. (a)[1]), resisting an executive officer (§ 69), and committing misdemeanor vandalism (§ 594, subd. (a)). With respect to the corporal injury offense, defendant admitted that he had suffered a conviction for violating section 273.5, subdivision (a) within the prior seven years. (§ 273.5, subd. (e)(1), now subd. (f)(1).) The trial court placed defendant on formal probation for a period of five years on various terms and conditions and ordered defendant to pay various fines and fees. The trial court also imposed a protective order pursuant to which defendant was not to harass or disturb Ashley Thompson's peace.

In 2005, after a formal revocation hearing, the trial court found defendant to be in violation of his probation. The trial court revoked defendant's probation and sentenced him to four years in state prison.

Defendant's appointed counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting this court to conduct an independent review of the record to determine if there are any arguable issues. On March 22, 2016, we gave notice to defendant that counsel had failed to find any arguable issues and defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant did not file a brief or letter. We affirm.

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

# BACKGROUND[2]

In November 2015, defendant's case was called for a possible probation violation. At a formal probation revocation hearing, Thompson testified that defendant was her children's father. She admitted that on June 1, 2015, she called defendant's probation officer, Ronald Bournes, and said that she did not want to have any contact with defendant because his behavior was having a negative effect on her children. She explained, however, "[T]here were other underlying issues that resulted in that reaction." Thompson testified that she still wanted defendant in her life and was not concerned for her well-being with him in her life.

Bournes testified that defendant had not made any payments for any of his fines or fees since he was placed on probation. Bournes spoke with defendant several times about his financial obligations. Defendant said he was unemployed and unable to pay. Bournes testified that although defendant said he was employed during the year following his release from jail,[3] he still did not make any payments for his fines or fees. Defendant also did not report to Bournes on time—sometimes calling after his scheduled appointment to set a new time.

Bournes testified that on May 4, 2015, Thompson called him and said that defendant was in her home and "wouldn't give her keys back for her to leave." Thompson was upset with defendant. Bournes could hear defendant yelling in the background, "We could have worked this out, why did you have to call the probation officer . . . ." Bournes asked Thompson to put defendant on the telephone. Bournes told

---

**2** As defendant appeals from the order revoking his probation, we set forth the facts adduced at the probation revocation hearing and omit the facts underlying defendant's convictions.

**3** In June 2013, the District Attorney of Los Angeles County moved to revoke defendant's probation. In October 2013, defendant admitted he violated his probation and was sentenced to serve one year in jail. In September 2014, the trial court reinstated defendant's probation.

defendant to give Thompson her keys and leave her home. Defendant eventually left the apartment.

On June 1, 2015, Thompson again called Bourne. She said that she was trying to move but, apparently, the management company for her apartment building would not allow her to move—i.e., to relinquish the lease—"as long as he was in the house." Thompson was upset with defendant. She told Bournes that she did not want any further contact with defendant, saying "it wasn't worth it because of the things that were happening in front of the children." Bournes told Thompson to call the police if defendant would not leave. Bournes told defendant to leave the apartment and to have no further contact with Thompson, something he had previously told defendant. Defendant eventually left the apartment.

Defendant testified in his own behalf. He testified that he was on the apartment's lease, he lived in the apartment, and he had his own set of keys to the apartment. He admitted that he had not made any payments for his fines or fees.

The trial court found defendant to be in violation of his probation. It found that defendant failed to timely show up for his appointments with his probation officer, defendant failed to make even $10 payments on his fines and fees, and "yelling at Ms. Thompson, playing whatever this game is with the keys is not the correct way to interact with her." The trial court sentenced defendant to the middle term of four years in state prison.

**DISCUSSION**

We have reviewed the record and are satisfied that defendant's counsel has fully complied with his responsibilities and no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.) Accordingly, we affirm the order.

4

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


RAPHAEL, J.*


We concur:


TURNER, P. J.


BAKER, J.

---

\*      Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.